IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO JOSEPH,                                          No. 2:12-CV-1935-CMK-P

      Plaintiff,

  vs.                                                                    ORDER

C. SMITH, et al.,

      Defendants.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  The request to proceed in forma pauperis will, therefore, be granted.

      Plaintiff also seeks the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1 Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional
2 circumstances" requires an evaluation of both the likelihood of success on the merits and the
3 ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal
4 issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be
5 viewed together before reaching a decision.  See id.
6          In the present case, the court does not at this time find the required exceptional
7 circumstances.  First, the court notes that plaintiff's complaint is well-written and well-
8 organized.  Second, the issues presented in the complaint – whether defendants violated
9 plaintiff's Eighth Amendment rights – are not overly complex.  In light of the relative low
10 complexity of the issues involved, the court finds at this time that plaintiff is able to articulate his
11 claims on his own.  Finally, the court cannot say at this early stage of the proceedings that
12 plaintiff has a likelihood of success on the merits.  For all these reasons, the required exceptional
13 circumstances to do not exist.  Plaintiff's motion for the appointment of counsel will be denied.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

To: The California Department of Corrections and Rehabilitation
1515 S Street, Sacramento, California 95814:

Plaintiff is obligated to pay the full statutory filing fee of $350.00 for this action. In addition to any initial partial filing fee required to be assessed, plaintiff will be obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to plaintiff's inmate trust account. The agency referenced above is required to send to the Clerk of the Court the initial partial filing fee and thereafter payments from plaintiff's inmate trust account each time the amount in the account exceeds $10.00, until the statutory filing fee of $350.00 is paid in full. See 28 U.S.C. § 1915(b)(2).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Doc. 8) is granted;

2. Plaintiff's motion for appointment of counsel (Doc. 2) is denied;

3. Plaintiff is required to pay the full statutory filing fee of $350.00 for this action pursuant to 28 U.S.C. §§ 1914(a) and 1915(b)(1);

4. The director of the agency referenced above, or a designee, shall collect from plaintiff's inmate trust account an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1) and shall forward the amount to the Clerk of the Court, such payment to be clearly identified by the name and number assigned to this action;

5. Thereafter, the director of the agency referenced above, or a designee, shall collect from plaintiff's inmate trust account the balance of the filing fee by collecting monthly payments from plaintiff's inmate trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to plaintiff's inmate trust account and forwarding payments to the Clerk of the Court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee for this action has been paid in full, such payments to be clearly identified by the name and number assigned to this action;

6. The Clerk of the Court is directed to serve a copy of this order and a copy of plaintiff's signed in forma pauperis affidavit to the address shown above; and

7. The Clerk of the Court is further directed to serve a copy of this order on the Financial Department of the court.

DATED: August 3, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE