IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH, | No. 2:12-CV-1935-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C. SMITH, et al., | |
| Defendants. | |
| _____/ | |

     Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: C. Smith; Heatley; Galloway; Fong; Horowitz; Zamora; and McLean.  Plaintiff claims:

> Doctors C. Smith, Heatley, P. Galloway, L.C. Fong, never evaluated or examined me.  Each one of these doctors relied on old reports without first ordering new x-rays or M.R.I.'s so that they can have a leg to stand on.  But instead of using their power of authorities, they rather issue a pre-judgment decision as to my medical needs.  On 11-28-2011, I finally got x-rays done.  The spondylolisthesis of L4 upon L5 has increased since the last examination of 2009.  Spondylolisthesis does mean degeneration, but it also says deficient development of a portion of the vertebrae commonly involves the [undecipherable], which can result in a spondylolisthesis with splippage of L5 anteriorly on S1.  After my x-rays, I went back to see Doctor Horowitz about my pain and discomfort.  She tryed [sic] to minimize my x-ray report.  To justify her action or decision on my medical need, she lessen the degree, so she won't have to do more than she can she failed to help me relieve any of the pain and discomfort.  Doctor Galloway and Doctor Horowitz wouldn't recommend any pain medication.  Because I was housed in a mental health program (E.O.P.) they discriminated on me because of my mental disability.  That's why Doctor Horowitz kept trying to get my psychiatrist to approve "amitriptyline, nortriptyline, and tegretol" for a pain remedy because she wanted to stay on the borderline of my (E.O.P.).  On 2-27-2012 I went to see psychiatrist Ashman.  I explain to her about what Doctor Horowitz was trying to do.  She stated to me "that it's unethical for the medical doctors to mix mental health with medical," and she wouldn't respond to Doctor Horowitz request.  The physical therapist explain the whole process about my x-rays and it's more than what Doctor Horowitz is saying.  He said that some bones on the vertebrae never fully develope [sic], and the pressure on the vertebrae, that grinds the disc, is what causing the spurring and the pain, and to live in pain and discomfort just because I ain't crawling on my hands and knees don't mean I ain't in pain.  As to L.D. Zamora, the chief appeals, she's

2

> relying on the Doctor's reports, hoping that the reports are accurate so that he or she won't be held reliable [sic] for someone else negligence.

## II. DISCUSSION

Reading the complaint liberally, as the court must, it appears that plaintiff raises two claims: (1) an Eighth Amendment claim based on inadequate health care; and (2) an equal protection claim based on his mental status.

### A.  Eighth Amendment Claim

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,

3

1  90 F.3d 330, 332 (9th Cir. 1996).

2        In this case, it is clear on the face of the allegations that plaintiff's medical care

3  claim amounts to no more than a difference of opinion as to the appropriate medical for pain

4  management.

5      **B.**    **Equal Protection Claim**

6        Equal protection claims arise when a charge is made that similarly situated

7  individuals are treated differently without a rational relationship to a legitimate state purpose.

8  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  Prisoners are protected from

9  invidious discrimination based on race.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

10 Racial segregation is unconstitutional within prisons save for the necessities of prison security

11 and discipline.  See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam).  Prisoners are also

12 protected from intentional discrimination on the basis of their religion.  See Freeman v. Arpaio,

13 125 F.3d 732, 737 (9th Cir. 1997).  Equal protection claims are not necessarily limited to racial

14 and religious discrimination.  See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir.

15 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the

16 disabled do not constitute a suspect class) see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal.

17 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals

18 where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger,

19 2007 WL 732555 (E.D. Cal. March 19, 2008).

20       In order to state a § 1983 claim based on a violation of the Equal Protection

21 Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with

22 intentional discrimination against plaintiff, or against a class of inmates which included plaintiff,

23 and that such conduct did not relate to a legitimate penological purpose.  See Village of

24 Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be

25 brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir.

26 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v.

Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, the court focuses on plaintiff's allegation that ". . .they discriminated on me because of my mental disability." It is possible that plaintiff is attempting to articulate an equal protection claim. As currently plead, however, the allegations are insufficient as they do not provide enough specificity as to the discriminatory conduct of each named defendant. To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff will be provided an opportunity to amend his equal protection claim consistent with the foregoing legal standards.

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged

in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because some of the defects identified in this order cannot be cured by amendment, specifically plaintiff's Eighth Amendment claim, plaintiff is not entitled to leave to amend as to such claim.  Plaintiff, therefore, now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: January 31, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE