IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 2:12-CV-1935-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C. SMITH, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is plaintiff's first amended complaint (Doc. 12).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff's original complaint was dismissed with leave to amend. Specifically, the court concluded that, while plaintiff had failed to state a claim under the Eighth Amendment based on denial of medical treatment, it was possible that plaintiff could amend his complaint in order to state a possible equal protection claim. In his amended complaint, plaintiff now claims that defendant Smith, the chief medical officer at the prison, denied him an MRI on December 1, 2011, and that the "pain committee" denied any pain medication. According to plaintiff, he then filed an inmate grievance, which he says was granted in part by defendant Horowitz. Plaintiff appealed further and his grievance was further granted in part by defendant Heatley, also a chief medical officer, who ordered that psychiatric medications be provided for pain management. Plaintiff, however, states that he was precluded from taking psychiatric medications by the neurologist but that defendant Fong nonetheless approved Heatley's order for psychiatric medications for pain. Plaintiff states that, during this appeal process, he was never interviewed or evaluated by a doctor. Plaintiff's appeal was ultimately denied at the third level by defendant Zamora, the chief appeals coordinator. Plaintiff no longer alleges facts suggesting an equal protection claim.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.

        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

        The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns.  See McGuckin,

1  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to
2  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.
3  1989).  The complete denial of medical attention may constitute deliberate indifference.  See
4  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical
5  treatment, or interference with medical treatment, may also constitute deliberate indifference.
6  See Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also
7  demonstrate that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

8          Negligence in diagnosing or treating a medical condition does not, however, give
9  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a
10 difference of opinion between the prisoner and medical providers concerning the appropriate
11 course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh,
12 90 F.3d 330, 332 (9th Cir. 1996).

13         As with plaintiff's original complaint, the allegations in the amended complaint
14 amount to no more than a difference of opinion as to the appropriate medical treatment for pain
15 management.  Because it does not appear possible that the deficiencies identified herein can be
16 cured by amending the complaint further, the court will order dismissal of the entire action.  See
17 Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

18         Accordingly, IT IS HEREBY ORDERED that:
19         1.      This action is dismissed for failure to state a claim; and
20         2.      The Clerk of the Court is directed to enter judgment and close this file.

DATED:  February 24, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4